UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KARLA HALE and
ROBERT LEVASSEUR                                                              PLAINTIFFS

v.                                    No. 2:21-CV-02094

BELMONT MANAGEMENT
COMPANY, INC.                                                                 DEFENDANT

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion (Doc. 28) for attorney's fees and costs and brief in support (Doc. 29). Plaintiffs also submitted a billing spreadsheet (Doc. 28-1), a declaration of Plaintiffs' attorney Josh Sanford (Doc. 28-2), and a costs invoice (Doc. 28-3) as exhibits to their motion. Defendant filed a response (Doc. 30) in opposition. Plaintiffs filed a reply (Doc. 35) with leave of Court. For the reasons set forth below, the motion will be GRANTED IN PART.

**I.    Background**

Plaintiffs Karla Hale and Robert Levasseur filed their complaint on May 14, 2021, alleging Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), by its failure to properly compensate Plaintiffs. Defendant denied the allegations. On March 8, 2022, Defendant filed a motion for summary judgment. On March 16, 2022, the Court granted Plaintiffs' motion for an extension of time to file their response to April 1, 2022. At approximately 11:00 am on March 28, Plaintiffs accepted Defendant's settlement offer of $3,250 per plaintiff. Surprisingly, on March 31, Plaintiffs filed a response in opposition to Defendant's motion for summary judgment and, on the same day, a notice of settlement.[1] A stipulation of dismissal was filed on

---

[1] Plaintiffs' counsel Josh Sanford filed the notice of settlement. The undersigned has repeatedly cautioned Mr. Sanford and his law firm that notice of settlements will not be accepted. Months prior to the notice of settlement in this case, the Court questioned whether Mr. Sanford's

1

April 4, 2022. The Court notes the only difference between this case and the twelve cases Josh Sanford appeared in before the undersigned between May 2021 and July 2022, is the absence of a collective action allegation, otherwise this litigation was a "run-of-the-mill" type for the Sanford Law Firm ("SLF").

Following the stipulation of dismissal, Plaintiffs filed the instant motion for attorney's fees and costs under 29 U.S.C. § 216(b). Plaintiffs request $16,663.80 in attorney's fees. The billing spreadsheet includes time entries for 5 attorneys from SLF—Josh Sanford, Courtney Lowery, Rebecca Matlock, Steve Rauls, and Vanessa Kinney. The spreadsheet also included time for a paralegal. SLF's records indicate attorneys and a paralegal billed a total of 129.10 hours, totaling $25,532.40 in fees. However, out of a "good faith review" of its billing in this case, SLF reduced its fee amount sought to $16,663.80. Plaintiffs also request $477.00 in costs.

## II. Legal Standard

Under 29 U.S.C. § 216(b), Plaintiffs are entitled to reasonable attorney's fees and costs, to be paid by the defendant. "To determine reasonable attorney's fees, the court must first calculate the lodestar by multiplying the number of hours worked by the prevailing hourly rate." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (citing *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021)). Because of a district court's intimate familiarity with its local bar, the district court has "great latitude to determine a reasonable hourly rate." *Childress v. Fox Assocs.*, 932 F.3d 1165, 1172 (8th Cir. 2019). "The court also may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time but should exclude hours that were not reasonably expended from its calculations." *Burton*, 20 F.4th at 431 (internal

---

practice was in violation of Rule 11 of the Federal Rules of Civil Procedure in two other cases. *See* Order, *Gomez v. Mid-South Milling Co., Inc.*, No. 21-cv-02081(W.D. Ark. Oct. 6, 2021), Doc. 20; Order, *Bogart v. Biggs*, No. 20-cv-02033 (W.D. Ark. Oct. 6, 2021), Doc. 28.

quotations and citations omitted). "A district court has discretion to determine the number of hours to be awarded when conducting the lodestar . . . [and] [i]n exercising this discretion, the court 'should weigh the hours claimed against the court's own knowledge, experience, and expertise of the time required to complete similar activities.'" *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 20-CV-5051, 2020 WL 4741917 (W.D. Ark. Aug. 14, 2020) (first citing *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014)); and then quoting *Gilbert v. City of Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989)).

The court may reduce the lodestar based on other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Id.* The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. *See Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

### III. Analysis

#### A. Reasonable Hourly Rate

SLF attorneys' hourly rates requested are as follows: Josh Sanford, $383/hr., Courtney Lowery, $190/hr., Rebecca Matlock, $200/hr., Steve Rauls, $285/hr., and Vanessa Kinney, $300/hr. The SLF paralegal billed $100/hr. Josh Sanford's declaration states the customary and reasonable fee charged by Arkansas attorneys is $150 to $300 per hour, however, Mr. Sanford believes the better comparators to SLF are national law firms billing $400 to $450 an hour. Mr.

Sanford's statement that his hourly rate of $383 is reasonable is unsupported. SLF "has been chastised numerous times by judges in the Eastern and Western Districts in Arkansas for seeking unreasonable and inconsistent hourly rates, but [SLF has] apparently failed to internalize this feedback." *Hill-Smith*, 2020 WL 4741917, at *4. Further, district courts have repeatedly rejected Mr. Sanford's request for $325 per hour as unreasonable. *See Wright v. Tyler Tech., Inc.*, No. 20-cv-00454, 2021 WL 4255287, at *2 (E.D. Ark. Sept. 17, 2021) (compiling cases in Eastern and Western Districts of Arkansas where Mr. Sanford's requested hourly rate has been found unreasonable).[2]

Based on the Court's experience, knowledge of the local market, and Eastern and Western Districts of Arkansas precedent, the Court finds the following rates to be reasonable: Josh Sanford, $250/hr., Courtney Lowery, $150/hr., Rebecca Matlock, $160/hr., Steve Rauls, $175/hr., and Vanessa Kinney, $175/hr., and paralegal, $100/hr.[3]

### B.  Reasonable Number of Hours Worked

As the Eighth Circuit recently noted, SLF and Mr. Sanford have been chastised for their continued overbilling in simple FLSA cases.

> Over the years, courts across Arkansas considering billing records submitted by the Sanford Law Firm have held the number of hours reasonably expended in a case to be fewer than those claimed by the firm. These opinions highlight habits such as over-staffing cases, micro-managing associates, billing attorneys' rates for administrative tasks, and failing to self-audit records that are submitted to the court for reimbursement, all of which tend to inflate the time spent by attorneys beyond what the firm could reasonably bill a client.

---

[2] *See Rorie v. WSP2, LLC*, No. 20-5106, 2021 WL 4900992 (W.D. Ark. Oct. 20, 2021) (calculating Mr. Sandford's fee request of $383 an hour to be 34.7% more than SLF rates approved in recent cases).

[3] *See Bonds v. Langston Cos., Inc.*, No. 18-cv-00189, 2021 WL 5814277 (E.D. Ark. Dec. 7, 2021); *Vines*, 9 F.4th at 855 (finding district court properly determined the prevailing hourly rate for SLF attorneys "$250 an hour for the senior attorneys [], $175 for the senior associates [], $150 for the junior associates," *Vines v. Welspun Pipes, Inc.*, 18-cv-00509, 2020 WL 3062384, at*4 (E.D. Ark. June 9, 2020)).

*Burton*, 20 F.4th at 432 (citing *Hill-Smith*, 2020 WL 4741917, at *2). SLF has "'routinely abused' the FLSA's attorneys-fee provision" and "continues to submit excessive fee requests despite warnings from several courts." *Skender v. Eden Isle Corp.*, 33 F.4th 515, 522-23 (8th Cir. 2022) (citing *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 632 (8th Cir. 2022)). This case is no exception.

Five SLF attorneys worked on Plaintiffs' case. However, the billing spreadsheet (Doc. 28-1) clearly demonstrates Ms. Lowery, Ms. Matlock, and Ms. Kinney were the main attorneys on the case, and the Court finds Mr. Sanford's and Mr. Rauls's hours are unwarranted and unreasonable. Mr. Sanford's own declaration provides that Ms. Lowery has practiced law for three years and in 2020 she drafted more FLSA lawsuits than any other attorney in the United States. Ms. Kinney and Ms. Matlock have both practiced for several years, with a focus in FLSA cases. Based on the Court's familiarity with this case and SLF's representations of the billing attorneys, five attorneys are "unnecessary and unreasonable in light of the ligating attorney[s'] ability to handle the case." *Burton*, 20 F.4th at 432. Therefore, the Court will remove all attorney hours except for Ms. Lowery, Ms. Matlock, and Ms. Kinney, as unreasonable.

SLF's billing is categorized. The category with the most hours billed is "In House Communications," which Mr. Sanford describes as conferences between attorneys as well as "time spent reviewing Intra-Office memos (IOM) relating to deadlines, tasks to be completed and other action items." (Doc. 28-1, p. 11, ¶ 36). According to Mr. Sanford, these task delegations allow for more experienced attorneys to work on certain projects and to reduce attorney costs when attorneys who bill at lesser rates can work on items. As with every other aspect of SLF's billing, courts in the Eastern and Western Districts of Arkansas have not been fooled by Mr. Sanford's explanation for the unreasonable billing practices surrounding in house communications. *See*

*Vines*, 2020 WL 3062384, at *4-6 (compiling cases). While it is often reasonable for attorneys in the same firm to conference with each other on litigation, there is no reasonable explanation as to why 21 hours were billed for "In House Communication" in this case. The billing increments are so small that little or nothing of substance appears to have been discussed. Instead, it appears these in-house communications were entirely directed toward padding the hours that would be submitted to the Court in support of a fee request. Although the fee request only seeks an award including 5.50 hours for "In House Communication," the billing descriptions for the time claimed further demonstrates the excessive conference and internal memo drafting and reviews. This case had no complex legal issues or apparent discovery disputes that would allow the Court to find these hours reasonable. Ms. Lowery was clearly the litigating attorney on this case and a query on the CM/ECF filing system shows Ms. Lowery has entered an appearance in 22 cases in the Eastern District and 6 cases in the Western District of Arkansas. The Court finds these "In House Communication" hours to be unreasonable given Ms. Lowery's experience, Mr. Sanford's claim that she has drafted the most FLSA lawsuits of any attorney in the country, and the Court's understanding of the practice of law. The reasonable number of hours billed for "In House Communication" is zero.

The Court will further remove the 28.80 hours billed by the paralegal, which is more than any single attorney on the case. The Court finds this time unreasonable given that there were several attorneys on the case and the simple nature of the litigation. The Court will also remove the hours billed after Plaintiffs accepted Defendant's settlement offer. On March 28, 2022, Patrick Wilson, an SLF attorney, accepted Defendant's settlement offer, however, SLF attorneys billed 5.90 hours after settlement. As Mr. Sanford's declaration and reply brief go to great lengths to point out, SLF has extensive experience in FLSA actions and regularly files actions in the Western District of Arkansas and Mr. Sanford has entered an appearance on approximately 63 cases before

6

the undersigned. Given Mr. Sanford and SLF's extensive experience, the Court finds it unreasonable that 5.90 hours were billed after a settlement was reached. The SLF attorneys are well aware of the Court's requirements for dismissing an FLSA action, and the Court will not reward SLF's continued failure to comply with the Court's past rulings.[4]

Therefore, the Court finds the following hours reasonable: Courtney Lowery 20.70 hours, Rebecca Matlock 10.90 hours, and Vanessa Kinney 10.10. Based on the rates determined above, the lodestar amount in this case is $6,616.50 (Lowery $3,105, Matlock $1,744, and Kinney $1,767.50). Given the monetary award to Plaintiffs and the run-of-the-mill nature of this case the Court finds this amount of attorneys' fees to be reasonable.

### C. Costs

Plaintiffs seeks $477.00 in costs, which represents to filing fee and a service fee. Defendant does not oppose Plaintiff's costs request. Therefore, Plaintiffs will be awarded $477.00 in costs.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 28) for attorney's fees and costs is GRANTED IN PART as stated herein. Plaintiffs are awarded $6,616.50 in fees and $477.00 in costs.

IT IS SO ORDERED this 20th day of July, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[4] *See*, Order, *Gomez v. Mid-South Milling Co., Inc.*, No. 21-cv-02081(W.D. Ark. Oct. 6, 2021), Doc. 20; Order, *Bogart v. Biggs*, No. 20-cv-02033 (W.D. Ark. Oct. 6, 2021), Doc. 28. (ordering Mr. Sanford to show cause why he should not be sanctioned for continuous filings of joint notice of settlements).